## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSHIL KUMAR SOMPUR VASANTHKUMAR,<br><br>          Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:12-cv-00769-TS-EJF<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |

Sompur Vasanthkumar Sushil Kumar ("Plaintiff") originally filed the complaint against the University of Utah in the United States District Court for the Northern District of Texas. (Dkt. No. 3.)  United States Magistrate Judge Jeff Kaplan ordered the case transferred to the District of Utah due to venue.  (Dkt. No. 7.)  District Judge Ted Stewart referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).  (Dkt. No. 9.)  The Court granted the Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"). (Dkt. No. 10.)  Before the Court is Plaintiff's Motion to Appoint Counsel.  (Dkt. No. 6.)  The Court has carefully reviewed the motion submitted and for the reasons set forth below, the Court DENIES Plaintiff's motion.

## DISCUSSION

While defendants in criminal actions have a constitutional right to representation by an attorney, U.S. Const. amend. VI; Fed. R. Crim. P. 44, there is "no constitutional right to appointed counsel in a civil case."  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of

counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request" an attorney to represent

an indigent party.  A court has discretion under § 1915(e)(1) to appoint counsel or not.  *Shabazz*

*v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  The applicant has the burden to convince the court

that his or her claim has enough merit to justify the court's appointing counsel.  *McCarthy v.*

*Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the court considers a variety of factors,

including "the merits of the litigant's claims, the nature of the factual issues raised in the claims,

the litigant's ability to present his claims, and the complexity of the legal issues raised by the

claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations

omitted).  Reading the Plaintiff's filings liberally, as the Court must, *e.g. Garza v. Davis*, 596

F.3d 1198, 1201 n. 2 (10th Cir. 2010) (citation omitted), Plaintiff appears to allege that the

University of Utah committed acts of discrimination, sexual harassment, and retaliation in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, and the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*.  Plaintiff alleges

harassment and denial of continuation of his fellowship in child psychiatry due to race, sex, age,

national origin, religion, and "genetic information."  While the Plaintiff has provided facts in

support of his claims, the merits of the claims are unclear at this time.  The legal issues raised do

not appear to be complex.  Additionally, Plaintiff has not persuaded this Court that he is unable

to present his claims or pursue this case adequately.  Consequently, at this time, the Court denies

the Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is

DENIED WITHOUT PREJUDICE.

DATED this 1st day of October, 2012

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge